UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRYN JONES, et al.,

    Plaintiffs,

vs.

MELISSA WEST, et al.,

    Defendants.

Case No. 1:24-cv-425

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  (See Docs. 3, 14). Upon careful review, the undersigned finds that Defendants' motions to dismiss are well-taken and should be granted.

**I.    Background and Facts**

This action stems from a 2012 foreclosure action in the Hamilton County Court of Common Pleas, Case A 1202035.   Plaintiffs sought to prevent the foreclosure proceedings and eventual sale of the Property by filing multiple bankruptcy petitions and civil lawsuits in this District during the course of the state court foreclosure proceedings. In screening Plaintiffs' most recent federal complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, this Court summarized (non-exhaustively) the Joneses' previous litigation in this District.  See *Jones et al. v. Buchanan et al.*, No. 1:23-cv-452-DRC-SKB (S.D. Ohio), ECF No. 4 at Page ID 50-55. [1]

---

[1] In that case the undersigned also recommended the court declare the Joneses vexatious litigants and dismiss the complaint. See id., ECF No. 4. Although the District Judge declined to declare the Joneses vexatious litigants, he adopted the report and recommendation and formally warned the Joneses that should they continue to file "frivolous bankruptcy or civil lawsuits involving the Larkspur property and related proceedings, . . . the Court will

1

On August 13, 2024, Plaintiffs filed the instant action against Defendants Magistrate Melissa E. West ("Magistrate West"), Hamilton County Municipal Court ("HCMC"), and Hamilton County Sheriff's Office ("HCSO"), Robert R. Hoose ("Hoose"), Clunk Hoose Co. LPA ("Clunk"), Richard Bardach ("Bardach") and the Law Offices of Rich Bardach, LLC ("Bardach Office").

The Complaint purports to bring the follow claims:

CLAIM UNDER Deprivation of Rights [ c.f. 42 U.S.C. 1983], Conspiracy Against Rights [c.f. 18 U.S. Code§ 241], Deprivation of Rights Under Color of Law [c.f. 18 U.S. Code 242], Frauds and swindles [c.f. 18 U.S. Code 1341], Violation of the united states of America Constitution Fourth, Fifth, Sixth, and Seventh amendments of the Bill of Rights and RICO ACT FOR DEPRIVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD UNDER COLOR OF LAW AND OBSTRUCTION OF THR ADMINISTRATION OF JUSTICE. [Id. at Page ID 1-2]. Several times the Complaint avers that "[a]ll codes, rules and regulations are for government authorities only not human/creatures in accordance with God's law" and are therefore "unconstitutional and lack due process" and that only the common law is "real law."

(Doc. 1). As for the factual allegations, the Complaint alleges that the Joneses never received perfected service from the Hamilton County Municipal Court, that they never waived their right to a trial by a jury of their peers, that they "never g[a]ve HAMILTON COUNTY MUNICIPAL COURT express written authorization or consent to use the above Estate property," and that they "have no option for a trial by jury of [their] peers in [the] eviction case." (Id. at ¶¶30-33). The Complaint also alleges that the Property was foreclosed on unlawfully in light of the Chapter 7 discharge in bankruptcy Case No.

---

exercise its inherent authority to impose sanctions on them, up to and including a declaration that they are vexatious litigants, the imposition of pre-filing requirements, fines, and any other sanction deemed necessary to protect against further abuse of the judicial process." Id., at Doc. 12 .

2

17-452. (See Id. at ¶¶44-46). It appears the Joneses are asserting that they were not afforded due process in the underlying state foreclosure proceedings.

## II. Analysis

### A. Standard of Review

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (*citing Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The Court is required to construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Lewis v. ACB Business Servs*., 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not

accept conclusions of law or unwarranted inferences that are presented as factual allegations. Id. A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. Id. at 406. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Factual allegations therefore "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

### B. Defendants' motions to dismiss are well-taken

Upon careful review the undersigned finds that Plaintiffs' complaint is properly dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.

At the outset, the undersigned finds the instant Complaint is mostly incomprehensible and difficult to decipher. It includes "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish Americans." *United States v. Coleman,* 871 F.3d 470, 476 (6th Cir. 2017). Any claims based on such meritless rhetoric should be summarily dismissed as frivolous. *Davis v. McClain*, No. 2:19-CV-3466, 2019 WL 5853474, at *3 (S.D. Ohio Nov. 8, 2019).

Because Plaintiffs paid the full filing fee, the complaint was not subject to statutory sua sponte screening under § 1915(e). Nevertheless, this Court retains the authority to

dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

Here, in the course of reviewing Plaintiff's complaint, it has become apparent that Plaintiffs' claims are legally frivolous under the *Apple v. Glenn* criteria, and subject to sua sponte dismissal. Upon careful review, the undersigned finds that Plaintiffs' complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiffs' factual allegations are generally implausible, illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiffs' rights under federal law. As such, Plaintiffs' complaint should be dismissed.

Assuming arguendo, that Plaintiffs' complaint could survive under *Apple v. Glenn,* it should be dismissed for the reasons set forth in Defendants' motions to dismiss. If the complaint is to be construed as seeking to reverse any state court judgments, such claims are barred for lack of jurisdiction based on the *Rooker Feldman* doctrine and/or *Younger* abstention. *See RLR Invs.,LLC v. City of Pigeon Forge*, 4 F.4th 380, 388-89 (6th Cir. 2021) (applying *Rooker-Feldman* doctrine when plaintiff asked court to review state court order of possession, noting that even though plaintiff filed § 1983 and constitutional

claims, "[t]he test is whether the plaintiffs injury stems from the state-court judgment, not whether the claims are identical"). See also *Younger v. Harris*, 401 U.S. 37 (1971) (recognizing that federal courts should not enjoin state actions unless "absolutely necessary for [the] protection of constitutional rights" and should only be done so "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate").

Plaintiff's claims are also barred by *res judicata*. "[R]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felson*, 442 U.S. 127, 131 (1979). The claims asserted by the Plaintiffs arise from the same transaction or occurrence, i.e., the foreclosure action and eviction. Namely, although Plaintiffs make a wide variety of claims and most are indecipherable, such assertions were raised in the lower courts and therefore cannot be relitigated here.

Additionally, neither HCMC nor HCSO are legal entities capable of being sued. The Sixth Circuit has recognized that "[a]bsent express statutory authority," an Ohio court can neither sue nor be sued in its own right. See *Cooper v. Rapp,* 702 F. App'x 328, 334-35 (6th Cir. 2017) (quoting *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St.2d 120 (Ohio 1973)). Magistrate West is also entitled to absolute judicial immunity. See *Ward v. City of Norwalk*, 640 F. App'x 462, 464-65 (6th Cir. 2016).

**C.    CONCLUSION**

In light of the foregoing, **IT IS RECOMMENDED THAT:**

(1) Defendants' motions to dismiss (Docs.3, 14) be **GRANTED,** *in toto*;

(2) the remaining pending motions be **DENIED as MOOT** (Docs. 7, 15, 21, 27) and this case be **CLOSED**;

(3) Plaintiffs' conduct and litigation history justifies a declaration that they are vexatious litigators who should be **ENJOINED AND PROHIBITED** from filing additional complaints or bankruptcy appeals in the Southern District of Ohio that are frivolous and/or relate to the 3548 Larkspur property. Before any new complaint or appeal from bankruptcy court is accepted by the Clerk, Plaintiffs must include a certification by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, that any new complaint is not frivolous and/or does not relate to the 3548 Larkspur property, regardless of whether or not said complaints are accompanied by payment of the full filing fee;

(4). The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

     *s/ Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRYN JONES, et al.,

    Plaintiffs,

    vs.

MELISSA WEST, et al.,

    Defendants.

Case No. 1:24-cv-425

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).