**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRYN JONES, *et al.*,  :
  :
  *Plaintiffs*,  :  Case No. 1:24-cv-00425-JPH-SKB
  :
vs.  :  Judge Jeffery P. Hopkins
  :
MELISSA WEST, *et al.*,  :
  :
  *Defendants*.  :
  :

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 30)

This matter is before the Court on the Report and Recommendation (Doc. 30) issued by Chief Magistrate Judge Stephanie K. Bowman on August 8, 2025. The Magistrate Judge recommends that Defendants' Motions to Dismiss (Docs. 3, 14) be **GRANTED, *in toto***; the remaining pending motions (Docs. 7, 15, 21, 27) be **DENIED AS MOOT**; the case be **CLOSED**; and Plaintiff be **ENJOINED AND PROHIBITED** from filing additional complaints or bankruptcy appeals in the Southern District of Ohio that are frivolous and/or relate to the 3548 Larkspur property. Doc. 30, PageID 313. Plaintiff has filed a document purporting to be objections. Doc. 31.

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Importantly, however, review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of

specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, the Court cannot discern any specific objections from Plaintiff's filing. Plaintiff has therefore forfeited *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

With this in mind, having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022).

Accordingly, it is hereby **ORDERED** that Defendants' Motions to Dismiss (Docs. 3, 14) be **GRANTED, *in toto***; the remaining pending motions (Docs. 7, 15, 21, 27) be **DENIED AS MOOT**; the case be **CLOSED**; and Plaintiff be **ENJOINED AND PROHIBITED** from filing additional complaints or bankruptcy appeals in the Southern District of Ohio that are frivolous and/or relate to the 3548 Larkspur property. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated:  August 20, 2025

Hon. Jeffery P. Hopkins
United States District Judge